Filed 2/28/22  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094423 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE006989) |
| v. | |
| CHANTEL WILLIAMS, | |
| Defendant and Appellant. | |

Defendant Chantel Williams was charged with arson of an inhabited structure and assault with a deadly weapon.  The information alleged defendant had a prior strike.

On June 12, 2020, defendant pled no contest to both counts.  In exchange, the court indicated that defendant would receive a sentence of six years and the enhancement allegation would be stricken over the People's objection.  However, the sentence itself would not be imposed until later in order to allow defendant to be sentenced first in an unrelated federal matter in hopes that this would allow her to serve at least one of her sentences in federal prison.  No promises were made regarding what would ultimately occur with the federal case.  The parties stipulated to the factual basis for defendant's plea as set forth by the district attorney at the change of plea hearing, and defense counsel agreed with the court's clarification that although the events were close in time, they were "distinctly separate act[s]."

1

On June 26, 2020, the court agreed, in accordance with defendant's attorney's request, to release defendant on her own recognizance to allow the federal authorities to take custody of her pursuant to her federal hold so that defendant would be able to accept a plea deal in federal court. As part of this arrangement, defendant agreed that the trial court would later impose her state court prison sentence of six years in absentia, although defendant would be represented by her attorney at the sentencing hearing. Defendant waived any irregularities and appellate rights associated with this unusual procedure.

On November 13, 2020, and with defendant not present, the trial court sentenced defendant to the midterm of five years for arson and a consecutive term of one year (one-third the midterm) for assault for a total aggregate term of six years. Defendant was awarded credit for 415 actual days plus 62 conduct days for a total of 477 days of custody credit. This sentence would be served consecutively to the sentence defendant was then serving in federal case No. 19-CR-00202-CRB.[1] Finally, the court also imposed a $300 restitution fine, a $300 suspended parole revocation restitution fine, and reserved jurisdiction to award victim restitution. All other fines and fees were waived in light of defendant's lengthy prison sentence.

On August 13, 2021, this court granted defendant's permission to file a notice of appeal under the constructive filing doctrine and ordered that notice would be deemed timely. Defendant did not request a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant

---

[1] The court was within its discretion to apply this sentence consecutively to the federal one and stated its reasons for doing so on the record in compliance with our court's prior decision in *People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547.

was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Hoch, J.

3